IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. K. WADE,

    Plaintiff,

v.

WOODY GILLILAND, in his individual capacity; WILLIAM SMITHERMAN, in his individual capacity; GEORGIA MARTIN, in her individual capacity; ALICE YOUNG, in her individual capacity; SARAH NELSON, in her individual capacity; KATHYANN BATISTE, in her individual capacity; and BERLENE ROBERTS, in her individual capacity,

    Defendants.

No. C 10-00425 WHA

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

## INTRODUCTION

A vexatious litigant plaintiff challenges the imposition of a pre-filing order as unconstitutional and invalid. For the following reasons, relief is **DENIED**.

## STATEMENT

This action is the latest installment in a fifteen-year campaign of repetitive litigation by plaintiff E. K. Wade.

In 2006, Judge Charles Breyer ruled that Wade was a vexatious litigant and must seek leave to file any additional complaints against the Veterans Affairs Northern California Health Care System, any of its employees, or against the United States or any other government official

in connection with his disputes with the VA system (Case No. C 06-02346-CRB, Dkt. No. 55 at 1–2). That pre-filing order was in response to twenty-four complaints, of which eight were addressed to the VA. Twelve of the other sixteen lawsuits were addressed to the Department of Labor. Wade's DOL-related claims for relief stemmed from his employment there between 2000 and 2004. In February 2007, Judge Marilyn Patel dismissed another of Wade's actions, noting that Wade had filed two dozen actions in our district and warning Wade that his "continued misuse of the court carries the risk that the court may declare him a vexatious litigant and order pre-filing review of all future complaints" (Case No. C 06-04431, Dkt. No. 28 at 1).

Wade filed more complaints targeting the DOL in 2008. Judge Elizabeth Laporte consolidated the complaints and dismissed them with prejudice in 2009 after granting the DOL and all defendants summary judgment (Case No. C 08-0001-EDL, Dkt. No. 140). Wade appealed to our court of appeals, which affirmed the district court's summary judgment. *Wade v. Solis*, 402 Fed. Appx. 288 (9th Cir. 2010), *cert. denied*, 202 L.Ed 2d 244 (Oct. 9, 2018).

Wade filed more DOL-targeted complaints and in 2010, the undersigned judge granted a motion to dismiss, followed by an order dated June 2010, also declaring Wade a vexatious litigant (Case No. C 10-00425, Dkt. Nos. 99 at 1–3, 100 at 1–4). Per the June 2010 order, Wade is required to submit for pre-filing review any *pro se* civil complaint involving substantially the same allegations against the United States Department of Labor, any of its employees, or against the United States or any other government official in connection with his disputes with the DOL stemming from his prior employment in the Office of Federal Programs Contract Compliance (Dkt. No. 100). Wade appealed this dismissal to our court of appeals and our court of appeals affirmed (Dkt. No. 125).

Between 2016 and 2018, Wade filed a spate of complaints in our district court and in the Eastern District of California. Each was declined due to the June 2010 order, as they stemmed from the same original transactions and occurrences of Wade's employment disputes at DOL.

Wade appealed one such dismissal by Judge James Donato of several of his 2017 complaints to our court of appeals (Cases No. C 17-80163–65 and C 17-80170–71). In 2018, our court of appeals made two holdings: (1) the district court did not abuse its discretion in declaring Wade a vexatious litigant and entering a pre-filing order against him, and (2) the district court did not abuse its discretion by declining to accept Wade's proposed complaints for filing because Wade's proposed complaints fell within the scope of the pre-filing order entered against him. *Wade v. Acosta*, 727 Fed. Appx. 454 (9th Cir. 2018), *cert. denied*, 202 L.Ed 2d 224, 2018 U.S. LEXIS 6074 (Oct. 9, 2018).

Here, Wade has filed a motion for preliminary injunction to declare his pre-filing order unconstitutional and invalid. This order follows oral argument at which plaintiff only appeared, all defendants not yet having been served.

**ANALYSIS**

When limiting a litigant's future filing of actions, a court must (1) give the litigant an opportunity to oppose the order before it is entered, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) draft a sufficiently tailored order. *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The 2010 pre-filing order met those elements (Case No. C 10-00425 WHA, Dkt. No. 100 at 3–4). Wade has admitted that he was a vexatious litigant for filing a multitude of repetitious lawsuits in a short period of time (*id*. at 11–14.)

Wade nevertheless raises two challenges to the pre-filing order. *First*, Wade argues that the pre-filing order is invalid, as imposed. *Second*, he argues that the pre-filing order deprives him of his ability to protect his constitutional rights. This order addresses each argument in turn.

1. **WHETHER THE PRE-FILING ORDER WAS CORRECTLY IMPOSED.**

Our court of appeals has recognized "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *DeLong*, 912 F.2d at 1147 (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

3

For the past fifteen years, Wade has relentlessly filed claims for relief stemming from the same factual circumstances during his 2000 to 2004 employment at the DOL.

Here, six months after our court of appeals upheld the validity of Wade's vexatious litigant order, Wade seeks to enjoin the pre-filing order, arguing that there was no subject matter jurisdiction and therefore the pre-filing order was null and void. Wade appears to conflate a plaintiff's Article III standing to sue with defendants' authority to request a pre-filing order. Wade argues that defendants lacked standing to seek the pre-filing order at issue. Wade argues that the pre-filing order is invalid because the DOL and Secretary of Labor Hilda Solis were not named as defendants in his 2008 suit. Therefore, according to Wade, they did not have standing to bring a motion for the June 2010 pre-filing order. That supposed deficiency was addressed in the June 2010 order (Dkt. No. 100 at 3).

Recognizing that final judgment had been reached on his DOL-targeted claims and yet Wade continued to re-litigate those claims, the 2010 pre-filing order was entered *sua sponte*. In *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), our court of appeals noted that imposing pre-filing requirements on vexatious litigants was constitutional and compared those requirements to California's statutory scheme under California Civil Code Section 391 *et seq*. Therefore, the June 2010 pre-filing order was correctly imposed and is neither unconstitutional nor invalid.

Additionally, as stated above, our court of appeals has upheld the validity of Wade's pre-filing order, as an exercise of the district court's inherent power under Section 1651(a) of the All Writs Act.

2. **WHETHER THE PRE-FILING ORDER DEPRIVES WADE OF HIS ABILITY TO FILE SUITS IN ORDER TO PROTECT HIS CONSTITUTIONAL RIGHTS.**

Wade must seek leave before filing any additional complaints against the DOL, any of its employees, against the United States, or any other government official in connection with his disputes with the DOL stemming from his prior employment there. Wade retains his ability to file suits to protect his constitutional rights, as long as they do not reach the bar of the pre-filing order.

## CONCLUSION

The pre-filing order stands and Wade's motion for an injunction to declare his pre-filing order unconstitutional and invalid is **DENIED**. This case is now dismissed and the clerk must close the file.

**IT IS SO ORDERED.**

Dated: March 27, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE