IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E. K. WADE,

    Plaintiff,

v.

WOODY GILLILAND, in his individual capacity;
WILLIAM SMITHERMAN, in his individual
capacity; GEORGIA MARTIN, in her individual
capacity; ALICE YOUNG, in her individual capacity;
SARAH NELSON, in her individual capacity;
KATHYANN BATISTE, in her individual capacity;
and BERLENE ROBERTS, in her individual capacity,

    Defendants.

No. C 10-00425 WHA

**NOTICE RE REASON FOR ESCORT BY COURT SECURITY OFFICER AT HEARING ON MARCH 14, 2019**

    At a hearing regarding a motion by E. K. Wade to modify pre-filing review requirements, arising out of his designation as a vexatious litigant, the Court arranged in advance for court security officers to be present so that at the end of the hearing, when his business was completed, Wade would be escorted from the federal building. This notice explains the basis for the presence of court security officers as an escort for Wade.

    Wade's filings over the past fifteen years, attempting to re-litigate claims stemming from his employment at the DOL, Wade mentioned that his "rage and anger raised its ugly head" (See Case No. C 16–2354-TLN-DB, Dkt. No. 5 at 12). Wade repeatedly included previous threats by him that were perceived as serious enough to involve government security when they occurred.

*First*, when Wade terminated employment at the DOL in 2004, he left a phone message on October 14 for his superior, stating "you'd better call me . . . it's quite urgent that you call ah this is not a threat but uh you need to call me back as quickly as you possibly can it might save some lives okay you need to call me back bye now" (Case No. C 17-03830 WHA, Dkt. No. 1, Exh. 1 at 41). Wade's co-workers felt that Wade's "previous threats of violence made to women in the Oakland office, [and] the telephone call [stating a return call "might save lives"] . . . signaled a grievous threat of bodily harm to those named . . ." (Case No. C 17-80163-JD, Dkt. No. 1 at 10).

*Second*, in 2010, Wade phoned U.S. Attorney Melissa Brown to ask permission to file a second amended complaint and, as she was in court, she was curt on the phone with him. Wade's response was to send her an email that stated, "You snapped at me for the last damned time. In the future, should you take it upon yourself to interact with me in that type of manner, I will not restrain my emotions or actions in properly responding to you . . . I am only giving you this warning one time" (Case No. C 10-00425 WHA, Dkt. No. 63 at 1–4). He was visited by the Department of Justice and the FBI for those threats of violence.

In addition, Wade has been escorted in and out of federal buildings before. After making his phone threat in 2004, Federal Protective Services (FPS) posted signs at the Oakland Federal Building and the San Francisco Regional Office Building that Wade not be granted unaccompanied access to either building without approval of FPS (Case No. C 17-03830 WHA, Dkt. No. 1 at 14).

In light of the foregoing record, court security officers were present at the March 14 hearing and did escort Wade to the exit of the federal building once his business here was concluded.

His motion for injunction is ruled on in a companion order.

Dated: March 27, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2