UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Elroy K. WADE,

    Plaintiff,

v.

WOODY GILLILAND, in his individual capacity; WILLIAM SMITHERMAN, in his individual capacity; GEORGIA MARTIN, in her individual capacity; ALICE YOUNG, in her individual capacity; SARAH NELSON, in her individual capacity; KATHYANN BATISTE, in her individual capacity; and BERLENE ROBERTS, in her individual capacity,

    Defendants.

No. C 10-00425 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

*Pro se* plaintiff Elroy K. Wade, a vexatious litigant, has yet again filed a motion for preliminary injunction challenging the imposition of his 2010 pre-filing order as unconstitutional and invalid after this Court denied an identical challenge in 2019. The history of Wade's repetitive litigation in this district which culminated in two different rulings from Judge Charles Breyer and the undersigned judge declaring Wade a vexatious litigant is described in detail in a prior order (*see* Dkt. No. 99).

In brief, Wade filed over a dozen lawsuits against the Department of Labor stemming from his employment there between 2000 and 2004. Accordingly, upon dismissal of one of his

DOL-targeted complaints, the undersigned judge issued an order dated June 2010, also declaring Wade a vexatious litigant (Dkt. No. 99). Per that order, Wade is required to submit for pre-filing review any *pro se* civil complaint involving substantially the same allegations against the United States Department of Labor, any of its employees, or against the United States or any other government official in connection with his disputes with the DOL stemming from his prior employment in the Office of Federal Programs Contract Compliance (Dkt. No. 100). Wade appealed this dismissal to our court of appeals and our court of appeals affirmed (Dkt. No. 125).

Then, in 2019, Wade filed a motion for preliminary injunction contending that his 2010 pre-filing order was invalid and unconstitutional (Dkt. No. 137). Following oral argument, a March 2019 order denied Wade's motion. That order reasoned that the pre-filing order had been properly imposed as evident from our court of appeals' holding that Wade's pre-filing order fell within the proper exercise of a district court's inherent power under Section 1651(a) of the All Writs Act (Dkt. No. 141). Wade then appealed that order (Dkt. No. 145), which was pending before our court of appeals when Wade filed the current motion (*see* U.S.C.A. Dkt. No. 19-15868).

Federal defendants respond that Wade's motion should be dismissed because not only did the 2019 order already consider and reject Wade's exact arguments, but also because this Court lacks jurisdiction while the matter is still pending before our court of appeals (Dkt. No. 157) (quoting *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.")

After federal defendants filed their opposition, however, our court of appeals issued a decision affirming this Court's 2019 order denying Wade' motion for injunctive relief from the 2010 pre-filing order (Dkt. No. 159). Thus, though defendants' latter point has now become moot as the Court is now vested with jurisdiction post-appeal, this order agrees with defendants' former point and hereby **DENIES** Wade's motion for preliminary injunction as frivolous. The August 6 hearing is **VACATED**.

2

1    **IT IS SO ORDERED.**

3    Dated: July 28, 2020.

```
                                              _____
                                              WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE
```